Brian K. Condon (BC 4683)
Laura M. Catina (LF2998)
Condon & Associates, PLLC
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 (Telephone)
(845) 627-8507 (Fax)
brian@condonlawoffices.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CORE-MARK MIDCONTINENT, INC.,   Civ. Action No. 1:14-CV-3694 (SJ)(SMG)

        Plaintiff,

        -against-

TRI-STATE CANDY WHOLESALE, INC.,   **ANSWER WITH AFFIRMATIVE**
and KIRTIKUMAR S. VED a/k/a VED   **DEFENSES AND COUNTERCLAIMS**
KIRTIKUMAR a/k/a KIRTI VED a/k/a
KIRDI KUMAR,

        Defendants.
------------------------------------------------------------X

      The Defendants, Tri-State Candy Wholesale, Inc. and Kirtikumar S. Ved, by and through their attorneys, Condon & Associates, PLLC, set forth the following as and for their Answer with Affirmative Defenses and Counterclaims to the Plaintiff's Complaint:

## JURISDICTION AND VENUE

      1.     The Defendants neither admit nor deny the allegations contained within paragraph "1" of the Complaint as they are not allegations of fact, but rather conclusions of law.

      2.     The Defendants neither admit nor deny the allegations contained within paragraph "2" of the Complaint as they are not allegations of fact, but rather conclusions of law.

## PARTIES

3. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "3" of the Complaint.

4. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "4" of the Complaint.

5. Admit each and every allegation contained within paragraph "5" of the Complaint.

6. Admit that Tri-State purchases goods from wholesalers and sells them to retailers and deny the remainder of the allegations contained within paragraph "6" of the Complaint.

7. Deny that Defendant Kirtikumar S. Ved is known by any name other than "Kirtikumar S. Ved" and admits that he resides at 28 Center Drive, Roslyn, New York 11576.

8. Admit each and every allegation contained within paragraph "8" of the Complaint.

9. Admit each and every allegation contained within paragraph "9" of the Complaint.

## FACTUAL BACKGROUND

10. Admit each and every allegation contained within paragraph "10" of the Complaint.

11. The Defendants neither admit nor deny the allegations contained within paragraph "11" of the Complaint but instead refer to the document referenced herein.

12. The Defendants neither admit nor deny the allegations contained within paragraph "12" of the Complaint but instead refer to the document referenced herein.

13. Admit each and every allegation contained within paragraph "13" of the Complaint.

14. Admit that the parties agreed that Tri-State could purchase products on 21 days credit and deny the remainder of the allegations contained within paragraph "14" of the Complaint.

15. The Defendants neither admit nor deny the allegations contained within paragraph "15" of the Complaint but instead refer to the document referenced herein.

16. Deny each and every allegation contained within paragraph "16" of the Complaint but instead refer to the document referenced herein.

17. Admit that Ved signed a "Guarantee of Payment" and refer to the document for its terms and conditions but deny that Ved printed his name on the Guarantee of Payment.

## AS AND FOR A RESPONSE TO THE FIRST
## CLAIM AGAINST TRI-STATE

18. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "18" as if fully set forth herein.

19. Deny each and every allegation contained within paragraph "19" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

20. Deny each and every allegation contained within paragraph "20" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

21. Admit each and every allegation contained within paragraph "21" of the Complaint.

22. Admit each and every allegation contained within paragraph "22" of the Complaint.

23. Deny each and every allegation contained within paragraph "23" of the Complaint.

24. Deny each and every allegation contained within paragraph "24" of the Complaint.

25. Deny having knowledge or information sufficient to form a belief as to the truth of whether the Plaintiff applied any payments made by Tri-State to Tri-State's oldest outstanding invoices and deny that this is commonly accepted practice.

26. Deny each and every allegation contained within paragraph "26" of the Complaint.

27. Deny each and every allegation contained within paragraph "27" of the Complaint.

28. Deny each and every allegation contained within paragraph "27" of the Complaint.

29. Deny each and every allegation contained within paragraph "29" of the Complaint.

30. Deny each and every allegation contained within paragraph "30" of the Complaint.

31. Deny each and every allegation contained within paragraph "31" of the Complaint.

32. Deny each and every allegation contained within paragraph "32" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

33. Deny each and every allegation contained within paragraph "33" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM AGAINST TRI-STATE

34. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "33" as if fully set forth herein.

35. Deny each and every allegation contained within paragraph "35" of the Complaint.

36. Deny each and every allegation contained within paragraph "36" of the Complaint.

37. Deny each and every allegation contained within paragraph "37" of the Complaint.

38. Deny each and every allegation contained within paragraph "38" of the Complaint.

39. Deny each and every allegation contained within paragraph "39" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

40. Deny each and every allegation contained within paragraph "40" of the Complaint.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM AGAINST TRI-STATE

41. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "40" as if fully set forth herein.

42. Deny each and every allegation contained within paragraph "42" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

43. Deny each and every allegation contained within paragraph "43" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

44. Deny each and every allegation contained within paragraph "44" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

### AS AND FOR A FOURTH CLAIM AGAINST
### DEFENDANT VED

45. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "44" as if fully set forth herein.

46. Admit that Ved signed a "Guarantee of Payment" and refer to the document for its terms and conditions.

47. The Defendants neither admit nor deny the allegations contained within paragraph "47" of the Complaint but instead refer to the document referenced herein.

48. Deny each and every allegation contained within paragraph "48" of the Complaint.

49. Deny each and every allegation contained within paragraph "49" of the Complaint.

50. Deny each and every allegation contained within paragraph "50" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

51. Deny each and every allegation contained within paragraph "51" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

### AS AND FOR A RESPONSE TO THE FIFTH CLAIM
### AGAINST DEFENDANTS TRI-STATE AND VED

52. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "51" as if fully set forth herein.

53. Admit each and every allegation contained within paragraph "53" of the Complaint.

54. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "54" of the Complaint.

55. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "55" of the Complaint.

56. Admit each and every allegation contained within paragraph "56" of the Complaint.

57. Admit each and every allegation contained within paragraph "57" of the Complaint.

58. Deny each and every allegation contained within paragraph "58" of the Complaint.

59. Deny each and every allegation contained within paragraph "59" of the Complaint.

60. Deny each and every allegation contained within paragraph "60" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

61. Deny each and every allegation contained within paragraph "61" of the Complaint.

62. Admit that Ved signed a Guarantee of Payment but deny the remainder of the allegations contained within paragraph "62" of the Complaint.

63. Deny each and every allegation contained within paragraph "63" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

64. Deny each and every allegation contained within paragraph "64" of the Complaint.

65. Deny each and every allegation contained within paragraph "65" of the Complaint.

### AS AND FOR A RESPONSE TO THE SIXTH CLAIM AGAINST TRI-STATE

66. The Defendants repeat, reiterate and reallege each and every response contained within paragraphs "1" through "65" as if fully set forth herein.

67. Deny each and every allegation contained within paragraph "67" of the Complaint.

68. Admit that the Plaintiff filed a UCC-1 but deny that the Plaintiff has any security interest in Tri-State's assets as Ved's purported signature on the Security Agreement was forged.

69. Deny each and every allegation contained within paragraph "69" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

70. Deny each and every allegation contained within paragraph "70" of the Complaint.

71. Deny each and every allegation contained within paragraph "71" of the Complaint.

72. Deny each and every allegation contained within paragraph "72" of the Complaint. The Plaintiff does not have a security interest in Tri-State's assets.

73. Deny each and every allegation contained within paragraph "73" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

74. Deny each and every allegation contained within paragraph "74" of the Complaint and respectfully refer all questions of law to the Court for determination at the time of trial.

75. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained within paragraph "75" of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its own unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendants in this case.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to join all necessary parties pursuant to FRCP 19.

## SIXTH AFFIRMATIVE DEFENSE

The Security Agreement is unenforceable because Ved's signature was forged.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff does not have a security interest in Tri-State's assets.

## EIGHTH AFFIRMATIVE DEFENSE

The UCC-1 Financing Statement filed by the Plaintiff is ineffective.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its own fraud.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by its own bad faith.

[intentionally left blank]

## COUNTERCLAIMS

Defendants/Counterclaimants, Tri-State Candy Wholesale, Inc. and Kirtikumar S. Ved, by and through their attorneys, Condon & Associates, PLLC, as and for their Counterclaims against the Plaintiff/Counterclaim Defendants, allege as follows:

## THE PARTIES

1. Defendant/Counterclaimant, Tri-State Candy Wholesale, Inc., at all times hereinafter mentioned, was and is a domestic corporation organized and existing under the laws of the State of New York and has its principal place of business located at 54-36 48th Street, Maspeth, New York 11378.

2. Kirtikumar Ved is the Chief Executive Officer of Tri-State.

3. Upon information and belief, Plaintiff/Counterclaim Defendant, Core-Mark Midcontinent, Inc. (hereinafter "Core-Mark") was and is a foreign corporation authorized to do business in the State of New York with its principal place of business located in San Francisco, California.

## FACTUAL BACKGROUND

4. Tri-State is a distributor of convenience store products. It distributes products to various locations throughout New York City.

5. Upon information and belief, Core-Mark sells various products to Tri-State, which Tri-State then distributes to its customers.

6. Tri-State and Core-Mark have been doing business for several years.

7. In or around February, 2009, Ved signed a Credit Application on behalf of Tri-State whereby Core-Mark would provide goods to Tri-State on credit.

8. Ved also signed a Guarantee of Payment. In the Guarantee of Payment, there is a section entitled "Print Full Name." The name written in the "Print Full Name" section is "Ved Kurtikumar." This is not Ved's name and Ved did not print the information contained therein.

9. In or around February, 2014, Tri-State sought to refinance a mortgage and it discovered that in 2011, Core-Mark filed a UCC-1 Financing Statement based upon a Security Agreement allegedly signed by Ved.

10. Ved had no recollection of signing a security agreement, so he asked his attorney to contact counsel for Core-Mark and obtain a copy of the alleged agreement.

11. Upon receipt of the Security Agreement, Ved determined that the signature contained therein was not his signature. The name printed on the Security Agreement is "Ved Kurtikumar," which is not his name, the signature is not his signature and the date printed thereon is "2/6/9," which is not consistent with how he would print the date.

12. Ved's signature on the Security Agreement was forged.

13. Tri-State never authorized the filing of a UCC-1 Financing Statement by Core-Mark.

14. Despite the fact that the printed name on the Security Agreement is not Ved's name, and he has advised Core-Mark that he did not sign the documents, Core-Mark insists that Ved signed the Security Agreement.

15. Core-Mark has refused to file a UCC-3 Termination Statement.

16. Core-Mark's filing of an unauthorized UCC-1 Financing Statement, based upon a forged Security Agreement, continues to cause damage to Tri-State in that it cannot refinance the loan that it is seeking to refinance.

17. Core-Mark is aware of the fact that Tri-State is unable to refinance the loan because of its UCC-1 Financing Statement.

18. Based upon the foregoing, Tri-State continues to suffer damages resulting from Core-Mark's fraud.

### AS AND FOR A FIRST COUNTERCLAIM
**(Judgment Declaring the UCC Financing Statement Ineffective)**

19. Defendants/Counterclaimants repeat, reiterate and reallege each and every allegation contained within Counterclaim paragraphs "1" through "18" as if fully set forth herein.

20. Core-Mark was not authorized as defined by New York Uniform Commercial Code §9-509 to file a UCC-1 Financing Statement.

21. Tri-State did not authorize the filing of a UCC-1 Financing Statement.

22. There is no written evidence of Tri-State's intent to create a security interest in favor of Core-Mark.

23. The signature reflected on the purported Security Agreement is not Ved's signature and he did not sign a Security Agreement.

24. A valid Security Agreement between Tri-State and Core-Mark does not exist.

25. Because the filing of the UCC-1 Financing Statement by Core-Mark was unauthorized, it is ineffective.

26. Based upon the foregoing, Tri-State is entitled to a judgment declaring that the UCC-1 Financing Statement is ineffective and does not perfect any purported security interest alleged by Core-Mark.

## AS AND FOR A SECOND COUNTERCLAIM
### (Judgment Directing Core-Mark to File UCC-3 Termination Statement)

27.  The Defendants/Counterclaimants repeat, reiterate and reallege each and every allegation contained within paragraphs "1" through "26" as if fully set forth herein.

28.  The UCC-1 Financing Statement filed by Core-Mark was unauthorized and is therefore ineffective.

29.  Based upon the foregoing, as there is no justification for the filing of a UCC-1 Financing Statement by Core-Mark, Core-Mark Tri-State is entitled to a judgment directing Core-Mark to immediately file a UCC-3 Termination Statement, terminating its purported security interest.

## AS AND FOR A THIRD COUNTERCLAIM
### (Fraud/Forgery)

30.  The Plaintiff repeats, reiterates and realleges each and every allegation contained within paragraphs "1" through "29" as if fully set forth herein.

31.  Upon information and belief, Core-Mark forged Ved's signature on the Security Agreement.

32.  The forgery of Ved's signature on the Security Agreement constituted the fraudulent making of a writing to the prejudice of Tri-State.

33.  Because the forgery of Ved's signature on the Security Agreement constituted the fraudulent making of a writing to the prejudice of Tri-State, the Security Agreement should be set aside as fraudulent.

34.  Upon information and belief, the wrong complained of by the Defendants/Counterclaimants is morally culpable and was actuated by reprehensible motives.

35. Based upon the foregoing, the Defendants/Counterclaimants are entitled to a judgment setting aside the Security Agreement, plus punitive damages in an amount to be determined at trial.

**AS AND FOR A FOURTH COUNTERCLAIM**
**(Tortious Interference with Business Relations)**

36. The Defendants/Counterclaimants repeat, reiterate and reallege each and every allegation contained within paragraphs "1" through "35" as if fully set forth herein.

37. The filing of an unauthorized UCC-1 Financing Statement by Core-Mark has interfered with Tri-States ability to refinance its loan.

38. Upon information and belief, Core-Mark's interference with Tri-State's business relations by filing a UCC-1 Financing Statement based upon a fraudulent and forged Security Agreement was and is intentional.

39. Based upon the foregoing, the Tri-State has been damaged in an amount to be determined at trial.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(Damages Pursuant to NY UCC §9-625(b) and (e)(3))**

40. The Defendants/Counterclaimants repeat, reiterate and reallege each and every allegation contained within paragraphs "1" through "39" as if fully set forth herein.

41. NY UCC §9-625(b) provides that a person is liable for any damages in the amount of any loss caused by a failure to comply with Article 9.

42. UCC 9–625(e)(3) provides that in addition to any damages recoverable under subsection (b), a person named as a debtor in a financing statement may recover statutory damages of $500.00 in each case from a person that files a record that the person is not entitled to file under §9-509(a).

43. Based upon Core-Mark's failure to comply with Article 9 and its filing of an unauthorized UCC-1 Financing Statement, the Defendants/Counterclaimants have been damaged in an amount to be determined at trial.

WHEREFORE, the Defendants/Counterclaimants demand judgment as follows:

A. Dismissing the Plaintiff's Complaint in its entirety;

B. On the First Counterclaim, a judgment declaring that the Security Agreement dated February 6, 2009 in favor of Core-Mark Midcontinent, Inc. is ineffective;

C. On the Second Counterclaim, a judgment directing that the Plaintiff/Counterclaim Defendant immediately terminate the UCC-1 Financing Statement that it filed against Tri-State by filing a UCC-3 Termination Statement;

C. On the Third Counterclaim, judgment in an amount to be determined at trial, plus punitive damages;

D. On the Fourth Counterclaim, judgment in an amount to be determined at trial;

E. Reasonable attorneys' fees;

F. Costs and disbursements; and

G. Such other and further relief as the Court deems just and proper.

Dated: Nanuet, New York
July 8, 2014

Yours, etc.,

CONDON & ASSOCIATES, PLLC

By: _s/ Brian K. Condon_
    Brian K. Condon
    Laura M. Catina
*Attorneys for Defendants*
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
(845) 627-8500 (phone)
(845) 627-8507 (fax)
brian@condonlawoffices.com

To:    Peter A. Lauricella, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
*Attorneys for Plaintiff*
677 Broadway - 9th Floor
Albany, New York 12207
(518) 449-8893
peter.lauricella@wilsonelser.com