# CONDON & ASSOCIATES, PLLC
ATTORNEYS AT LAW
55 Old Turnpike Road, Suite 502
Nanuet, New York 10954
Telephone: (845) 627-8500
Facsimile: (845) 627-8507
www.condonlawoffices.com

Brian K. Condon [‡]
Laura M. Catina [‡]
Amy M. Witkowski [‡]

[‡] Admitted in New York and New Jersey

Email Address: brian@condonlawoffices.com

March 30, 2015

*Via ECF*

Chief Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>  Re:  Core-Mark Midcontinent, Inc. v. Tri-State Candy Wholesale, Inc., et. al.
>  <u>Eastern District of New York, Civil Action No. 1:14-cv-3694 (SJ)(SMG)</u>

Dear Honorable Sir:

We represent the Defendants, Tri-State Candy Wholesale, Inc. and Kirtikumar S. Ved, in the above-referenced matter and it is in this capacity in which we write.

Pursuant to Local Civil Rule 37.3, we write to request a pre-motion conference. The Defendant would like to file a motion to quash a subpoena that was served upon Habib American Bank ("HAB") where the Defendant maintains an account. The subpoena was not served upon our office prior to being served upon HAB pursuant to Fed. R. Civ. P. 45(a)(4).

By letter dated March 25, 2015, Plaintiff's counsel advised us that he had served a subpoena upon HAB on or about March 12, 2015. A copy of the letter that we received dated March 25, 2015 is attached as Exhibit "A". The subpoena is returnable on March 31, 2015. On Friday, March 27, 2015, we sent a letter to Plaintiff's counsel via email requesting that the subpoena be withdrawn due to the Plaintiff's failure to comply with the notice requirement of Rule 45. Given the short notice with which we were served, we requested that the subpoena be withdrawn by the close of business today. A copy of the letter is attached as Exhibit "B". We did not receive a response, and the subpoena has not been withdrawn.

Rule 45 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[o]n timely motion, the issuing court must quash or modify a subpoena that (I) fails to allow a reasonable time to comply." Fed.R.Civ.P. 45(c)(3)(A). If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party. Fed. R. Civ. P. 45(a)(4).

"In 1991,

'[a] provision requiring service of prior notice ... [was] added to paragraph (b)(1). The purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things. Such additional notice is not needed with respect to a deposition because of the requirement of notice imposed by Rule 30 or 31. But when production or inspection is sought independently of a deposition, other parties may need notice in order to monitor the discovery and in order to pursue access to any information that may or should be produced.'"

Cole v. City of New York, No. 10 CIV. 5308 BSJ KNF, 2012 WL 1138570, at *3 (S.D.N.Y. Apr. 5, 2012), *citing* Advisory Committee Notes, 1991 Amendment to Rule 45 (emphasis added)(Fed. R. Civ. P. 45 was amended in 2013 to include Section (a)(4) which replaces (b)(1) in that it requires that notice be served upon all parties).

"The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000). Here, the subpoena seeks production independent of a deposition and therefore, the Plaintiff was required to provide notice to our office prior to service of the subpoena upon HAB. As the Plaintiff failed to comply with the requirements of Fed. R. Civ. P. 45, the subpoena served upon HAB must be quashed. *Id.* at 412.

We thank the Court for its time, courtesies, and consideration with respect to the foregoing.

Very truly yours,

CONDON & ASSOCIATES, PLLC

By: _____
Brian K. Condon

cc: Peter A. Lauricella, Esq.
Kurti Kumar Ved